```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                   CRIMINAL NO. 1:15-00013-1

GARY EUGENE WILSON, II


**<u>MEMORANDUM OPINION AND ORDER</u>**

      In Bluefield, on February 4, 2016, came the defendant, Gary Eugene Wilson, II, in person and by counsel, Assistant Federal Public Defender Rhett Johnson; came the United States by John L. File, Assistant United States Attorney; and came Senior United States Probation Officer Brett Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

      The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 14, 2016.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked or modified.

      The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds is eight to fourteen months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy

statements only and are not binding on the court.  Thus, the court found that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of sixty months.

At this time, defense counsel notified the court that the parties had collectively reached a proposed resolution to the pending charge.  As part of this proposal, the defendant would continue his three (3) year term of supervised release with a modified condition preventing any consumption of alcohol.  The defendant also would wear an alcohol monitoring device for twelve (12) months and be placed on home confinement for three (3) months.  Further, the defendant would bear the additional costs related to these modifications.

Having heard arguments of counsel and the Senior Probation Officer, the court found that the proposed resolution was appropriate for the defendant's case.  The court noted that our Court of Appeals has upheld supervised release conditions that prohibit the consumption of alcohol where the defendant has a history of alcohol abuse and violence.  See United States v. Wesley, 81 F.3d 482, 484 (4th Cir. 1996).  In this case, the defendant has demonstrated a continuous problem with substance abuse, including alcohol, and has a considerable history of violence, making such a condition appropriate in this case.  Finally, the parties offered sufficient information to the court

to allow modification of the defendant's conditions of supervised release without updating the presentence investigation report.

Accordingly, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be modified to include the following conditions:

1. The defendant shall not consume any kind of alcoholic beverage in any form;
2. The defendant shall wear an alcohol monitoring device for twelve (12) months;
3. The defendant shall remain on home confinement for a period of three (3) months; and
4. The defendant shall bear the costs related to these monitoring devices.

The defendant was remanded to the custody of the United States Marshal, pending installation of a phone line at his place of home confinement. After the court has been notified in writing of the installation of this phone line, the court shall issue an order directing the United States Marshal to release the defendant. Upon his release from custody, the defendant shall report directly to the United States Probation Office in Bluefield before beginning his three month term of home confinement.

The defendant is informed of his right to appeal the court's findings and the modification of his supervised release. The defendant is further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant is advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant is further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 8th day of February, 2016.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge