```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 1:15-00013

GARY EUGENE WILSON, II


**MEMORANDUM OPINION AND ORDER**

In Bluefield, on August 7, 2019, came the defendant, Gary Eugene Wilson, II, in person and by counsel, Michael R. Whitt; came the United States by John L. File, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on October 17, 2016, as well as the amendment to the petition, filed on July 11, 2019. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked. Whereupon the defendant did not contest the charges in the petition and the amendment. The court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 33 to 41 months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of two years. Neither party objected to the Guideline range and statutory penalty as determined by the court.[*] The court found that there was sufficient information

---

[*] Defendant did, however, object to the court's finding that it was authorized to reimpose a term of supervised release if it imposed a sentence of imprisonment at the statutory maximum (24 months). According to 18 U.S.C. § 3583(h), "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." Defendant's conviction for being a felon and unlawful user in possession, pursuant to 18 U.S.C. § 922(g)(1) and (g)(3) authorizes a term of supervised release of three years. Therefore, upon revocation, defendant was subject to a term of supervised release of three years less any sentence of imprisonment imposed. Given the statutory maximum of twenty-four months, a supervised release term of twelve months was authorized even if defendant was given the statutory maximum sentence. See United States v. Clyburn, No. 10-4737, 417 F. App'x 261, 265-66 (4th Cir. Mar. 17, 2011) (affirming district court's supervised release revocation sentence of 24 months of imprisonment and additional 12-month term of supervised release which was imposed where defendant's underlying conviction was for possession of a

before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of twenty-four (24) months. Upon completion of his term of incarceration, the defendant will serve a term of supervised release of twelve (12) months.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such

---

firearm by a convicted felon).

an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 9th day of August, 2019.

ENTER:

David A. Faber
Senior United States District Judge